UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHARLIE BALL (#459919)

VERSUS                                              CIVIL ACTION

JOHN SANDERS, ET AL                                 NUMBER 13-282-JJB-SCR

## RULING ON MOTION TO COMPEL DISCOVERY

Before the court are the plaintiff's Motion and Order Compelling Discovery and his Motion to Compel. Record document numbers 68 and 71, respectively. The motions are opposed.[1]

In his Motion and Order Compelling Discovery, the plaintiff moved to compel responses to his Second Set of Interrogatories[2] directed to defendant Randall Stead and his Third Set of Interrogatories[3] directed to defendant Kevin Normand[4].

In his Motion to Compel, the plaintiff moved again to compel defendants Randall Stead and Kevin Normand to respond to his second[5] and third[6] sets of interrogatories. In addition, the plaintiff moved to compel defendants Stead and Normand to respond

---

[1] Record document number 72.

[2] Record document number 16.

[3] Record document number 23.

[4] Identified as Kevin Norman in the complaint but hereinafter referred to as Kevin Normand.

[5] Record document number 16.

[6] Record document number 23.

to his fourth[7] and fifth[8] sets of interrogatories.

Defendants opposed the plaintiff's motions to compel on the ground that discovery closed on August 15, 2013. Defendants' interpretation of the scheduling order[9] is understandable. However, because defendants Kevin Normand and John Sanders did not execute a waiver of service until August 1 and 28, 2013, respectively, the plaintiff will be given 90 days from the date of waiver of service to complete discovery as to these defendants.

Defendants further argued that this court previously denied the plaintiff's motion to compel the same discovery. This argument is incorrect.

### A. Second Set of Interrogatories

In interrogatories 1 through 5 of the plaintiff's Second Set of Interrogatories propounded on defendant Randall Stead, the plaintiff sought the last known address of defendants John Sanders and Kevin Normand, an explanation as to why Sanders resigned with a lawsuit pending against him and an explanation as to why Normand refused to accept service (presumably of this lawsuit).

A review of the record showed that defendants Sanders and Normand were served, answered the complaint[10] and moved for summary

---

[7] Record document number 55.

[8] Record document number 58.

[9] Record document number 4.

[10] Record document numbers 18 and 32.

judgment[11].

The discovery sought in interrogatories 1-5 is not relevant to the plaintiff's claims and not calculated to lead to the discovery of admissible evidence. Plaintiff's motion to compel a response to interrogatories 1-5 is denied.

In interrogatory number 6, the plaintiff asked whether defendant Stead could say with certainty that he would be shown on camera dutifully doing his job or whether the video would show otherwise.

The discovery sought in interrogatory 6 is not relevant to the plaintiff's claims and not calculated to lead to the discovery of admissible evidence. What a video surveillance camera recorded may be relevant, but how the defendant characterizes what is on any video surveillance is not relevant. Plaintiff's motion to compel defendant Stead to respond to interrogatory number 6 is denied.

**B. Third Set of Interrogatories**

In the Plaintiff's Third Set of Interrogatories propounded to defendant Normand, the plaintiff sought an explanation of the policy for visual body cavity searches, whether the visual body cavity search conducted on the plaintiff on January 15, 2013 was in accordance with the policy, whether the defendant is required to read and understand policies, an explanation of the actions to be taken in accordance with procedure should an inmate refuse a

---

[11] Record document number 69.

search, the number of times defendant Sanders sprayed a chemical agent in the plaintiff's cell and whether he has abused any inmate.

Plaintiff's motion to compel responses to his Third Set of Interrogatories propounded to defendant Normand is granted. Defendant Normand shall respond to interrogatories 1-6 of the Plaintiff's Third Set of Interrogatories within 30 days from the date of this ruling.

### C. Fourth Set of Interrogatories

In the Plaintiff's Fourth Request for Interrogatories propounded to defendant Sanders, the plaintiff sought to discover the amount of chemical agent dispersed in a one second burst, the weight of the chemical agent used on January 15, 2013, the number of bursts contained in the can used on January 15, 2013, how a one second burst of chemical agent is administered, the dimensions of the cell involved in the incident, the estimated spread of a one second burst of chemical agent, whether an officer can determine whether he sprayed more or less than a one second burst, the rules and procedures for penitentiary employees, and why he falsified documents related to service of process regarding his employment.

Plaintiff's motion to compel responses to his Fourth Request for Interrogatories propounded to defendant Sanders is granted. Defendant Sanders shall respond to interrogatories 1-10 of the Plaintiff's Fourth Request for Interrogatories within 30 days from the date of this ruling.

**D. Plaintiff's Fifth Set of Interrogatories**

In the Plaintiff's Fifth Request for Interrogatories propounded to defendant Sanders, the plaintiff sought to discover whether the defendant understood the policy regarding visual body cavity search, whether there is a policy in effect to deal with a prisoner who refuses to undergo a search, whether the defendant has ever been disciplined while employed at the penitentiary, whether the plaintiff met the guidelines for a visual body cavity search, the cause of the search, whether prisoners may be punished if they refuse to comply with an unlawful procedure, describe how a visual body cavity search is performed on a prisoner who has not left his cell prior to the search and what is the objective of a search.

Plaintiff's motion to compel responses to his Fifth Request for Interrogatories propounded to defendant Sanders is granted. Defendant Sanders shall respond to interrogatories 1-8 of the Plaintiff's Fifth Request for Interrogatories within 30 days from the date of this ruling.

Accordingly, the plaintiff's Motion and Order Compelling Discovery is granted in part. Within 30 days from the date of this ruling, defendant Kevin Normand shall respond to the Plaintiff's Third Set of Interrogatories. In all other respects the Motion and Order Compelling Discovery is denied.

Plaintiff's Motion to Compel is granted. Within 30 days from the date of this ruling defendant John Sanders shall respond to the plaintiff's fourth and fifth sets of interrogatories. Plaintiff's

motion for sanctions is denied.

Baton Rouge, Louisiana, December 9, 2013.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE