UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHARLIE BALL (#459919)

VERSUS                                          CIVIL ACTION

JOHN SANDERS, ET AL                             NUMBER 13-282-JWD-SCR

**<u>NOTICE</u>**

  Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

  In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

  ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

  Baton Rouge, Louisiana, December 15, 2014.

            STEPHEN C. RIEDLINGER
            UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHARLIE BALL (#459919)

VERSUS                                                    CIVIL ACTION

JOHN SANDERS, ET AL                          NUMBER 13-282-JWD-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court is the plaintiff's Order to Show Cause for an Preliminary Injunction and Restraining Order, which will be treated as a motion for a temporary restraining order. Record document numbers 98 and 99. The motion is opposed.[1]

Plaintiff filed this motion on October 27, 2014, alleging that when he was transferred from Camp D to the hospital and then to TU on October 22, 2014, he left his legal materials in his cell. Plaintiff described his attempts to get his legal materials sent to him; his efforts were unsuccessful. Plaintiff sought a restraining order against the defendants prohibiting them from tampering with his legal materials.

Defendants opposed the motion, and supported their opposition with a copy of the Camp J Management Program rules, a Personal Property Storage Documentation form, and the affidavit of Capt. Joseph Barr. Capt. Barr stated in his affidavit that on November 5, 2014, he took the plaintiff's property to him at Camp J, but the

---

[1] Record document number 103.

plaintiff refused to accept it. Because the plaintiff refused to accept his property, it was returned to storage.

A preliminary injunction is an extraordinary equitable remedy that may be granted only if the plaintiff establishes four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest. *Hoover v. Morales*, 164 F.3d 221 (5th Cir. 1998). Additionally, in accordance with the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the federal right, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a).

Plaintiffs seeks relief that has nothing to do with the merits of his case. This motion relates to a dispute about property storage and a temporary loss of access to legal materials, which is best resolved through informal or formal prison grievance procedures. Moreover, the record shows that the plaintiff refused to take his property back when it was returned to him less than 10 days after he filed this motion. There is simply no factual basis to grant the plaintiff any form of injunctive relief. Furthermore, it is apparent that the temporary deprivation of his legal materials did not materially impede the plaintiff litigation

efforts in this case. He timely filed his part of the pretrial order,[2] and was prepared for and participated in the pretrial conference held on November 19, 2014.[3]

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's request for a temporary restraining order or a preliminary injunction be denied.

Baton Rouge, Louisiana, December 15, 2014.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[2] Record document number 101.

[3] Record document number 104.